**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| **TEENA L. CARDONI,** | * |  |
| Petitioner | * |  |
| v. | * | CIVIL NO.  CCB-12-0255 |
| **EASTERN SAVINGS BANK** *et al.*, | * |  |
| Respondents | * |  |
|  | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM</u>

This matter came on for hearing on Petitioner's *pro se* emergency *ex parte* petition for a temporary restraining order and preliminary injunction to stay the eviction of Petitioner and her family from their home on January 26, 2012, by the Baltimore County (Maryland) Sheriff's Department.  (ECF No. 1.)  Present at the hearing were Petitioner and, via telephone, H. Scott Curtis, Esquire, Chief Counsel of the Courts and Judicial Affairs Division, Maryland Office of the Attorney General, and C. Larry Hofmeister, Esquire, attorney for Eastern Savings Bank, the lender on Petitioner's home.

Although Petitioner asserted this Court has jurisdiction in this matter because Respondents do substantial business within this district and the controversy involves real property and because of the Erie Doctrine established in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), the Court finds it is without subject-matter jurisdiction to consider the merits of the petition.  Petitioner's remedy appears to lie exclusively in Maryland state courts, based upon the current posture of the matter.  Accordingly, a separate order will be entered denying the petition and closing the case.

DATED this 26<u>th</u> day of January, 2012.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge